privilege to protect because there will be no attorney-client relationship.[11]

602 A.2d 1231

**In re LEON B.**

No. 6, Sept. Term, 1992.

Court of Appeals of Maryland.

March 13, 1992.

David P. Kennedy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore), for petitioner.

James Wyda, Asst. Public Defender (Stephen E. Harris, Public Defender, Baltimore), for respondent.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

### ORDER

The Court having considered and granted the petition for a writ of certiorari in the above captioned case, it is this 13th day of March, 1992.

ORDERED, by the Court of Appeals of Maryland, that the judgment of the Court of Special Appeals be, and it is

---

**11.** This case, and the approach which it certifies, is about the drug traffic. The clients were charged with narcotics violation and the State's brief very candidly describes the purpose of its prosecution program: "the investigation of known and suspected narcotics traffickers for violations of State income tax laws," both of which facts the majority opinion also acknowledges.

hereby, vacated and the case remanded to the Court of Special Appeals for consideration in light of *In re Montrail*, 325 Md. 527, 601 A.2d 1102 (1992). Costs in this Court and one third of the costs in the Court of Special Appeals to be paid by Leon B.

602 A.2d 1232

**William Orville TRINDLE, III and Sharon Marcus,**

v.

**STATE of Maryland.**

**No. 127 Sept. Term, 1990.**

Court of Appeals of Maryland.

March 16, 1992.

Eldridge, J., concurred in part, dissented in part, and filed opinion in which Rodowsky, J., and Marvin H. Smith, Judge of the Court of Appeals (retired, specially assigned), concurred.